UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY A. PERRY, | : | Case No. 2:24-cv-2835 |
| | : | |
| Petitioner, | : | |
| | : | District Judge James L. Graham |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| KAREN PHIPPS, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**ORDER AND**
**REPORT AND RECOMMENDATION**

Petitioner, a pretrial detainee at the Franklin County Correctional Center, has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), along with a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).[1]  Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED**.  However, for the reasons that follow, the undersigned **RECOMMENDS** that the petition be **DISMISSED without prejudice**.

I.   BACKGROUND

Petitioner brings this petition in connection with his pending criminal charges in Franklin County Court of Common Pleas Case Number 2023-CR-00271.  Petitioner raises the following three grounds for relief in the petition:

> **GROUND ONE:** Prosecutor Roxanne T. Alexander presented an unsworn complaint/affidavit to the grand jury to bound me over from the Municipal Court to Common Pleas Court.

---

[1] The petition was initially filed in the United Stated District Court for the District of Columbia, before being transferred to this Court on May 22, 2024.  (*See* Doc. 5).

>**GROUND TWO:** Judge Karen Phipps in Case Number 23CR000271 failed to enforce the Franklin County Common Pleas Courts rules of practice set into place to prevent unjust lengths of pretrial detention.
>
>**GROUND THREE:** Mike E. Morgan violated my Sixth Amendment by not providing substantial and effective aid to client.

(*Id.* at PageID 6). As relief, petitioner seeks immediate release from custody and dismissal of the pending criminal charges. He also seeks the sealing of his arrest records and money damages. (*Id.* at PageID 7).

On June 3, 2024, the undersigned issued an Order for petitioner to show cause why this action is not subject to dismissal for lack of exhaustion and because petitioner's requested relief is not properly brought in a pretrial § 2241 petition. (Doc. 7, at PageID 5). Petitioner has responded to the Order. (Docs. 8-9).

## II.  LEGAL STANDARD

Pursuant to Rule 4 of the Habeas Rules, the Court must conduct a preliminary review of a petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id.* Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain "factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

## III.  ANALYSIS

As noted in the Court's prior Order (*see* Doc. 7, at PageID 3-4), a pretrial detainee who has exhausted all available state remedies as a prelude to seeking federal habeas relief may file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90 (1973); *see also Atkins v. Michigan,* 644 F.2d

543, 546-47 (6th Cir. 1981).[2] However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins*, 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden*, 410 U.S. at 489 (1973); *Atkins*, 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden*, 410 U.S. at 490; *Atkins*, 644 F.2d at 546.

Petitioner has not demonstrated the kind of "extraordinary circumstances" necessary to justify this Court's intrusion into his state-court proceedings. He does not allege that he is facing a second trial or retrial, and thus the second and third exceptions to abstention do not apply. (*See supra* note 2). Further, while the first exception for protecting the right to a speedy trial "is potentially relevant[, it] is not satisfied here." *Williams v. Sheriff, Greene Cty. Adult Det. Ctr.*, No. 2:22-CV-4205, 2022 WL 17669945, at *3 (S.D. Ohio Dec. 14, 2022), *report and recommendation adopted*, 2023 WL 130732 (S.D. Ohio Jan. 9, 2023).

As this Court noted in *Williams*:

---

[2]The Sixth Circuit "has recognized three exceptions [to abstention] that permit a federal court to consider a pre-trial habeas petition." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020). They are: (1) where "the petitioner seeks a speedy trial, and available state-court remedies have been exhausted;" (2) where "the petitioner seeks to avoid a second trial on double jeopardy grounds;" and (3) where "the petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial." *Id.* (citations omitted). The Sixth Circuit appears to have also recognized that an argument concerning the denial of a reasonable bond may also be available prior to trial, where a petitioner has exhausted his state-court remedies. *See Atkins*, 644 F.2d at 549.

> The Sixth Circuit has held that release "from custody and dismissal of the indictment for [an] alleged speedy trial violation . . . *cannot be attained by way of a pretrial § 2241 petition.*" *Folley*, 2020 WL 9813535, at *2 (emphasis added). In contrast, a request "that the state be ordered to grant [petitioner] his right to a prompt trial . . . may be considered by pretrial habeas corpus, provided the state courts have had an opportunity to resolve the issue." *Atkins*, 644 F.2d at 548. *See also Humphrey v. Plummer*, 840 F.Supp.2d 1040, 1043 (S.D. Ohio Dec. 9, 2011) (observing the distinction between "a defendant disrupting the orderly functioning of a state's judicial process as opposed to enforcing his right to have the state bring him promptly to trial.") (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 227 (5th Cir. 1987)).

2022 WL 17669945, at *3; *see also Switek v. Michigan*, 587 F. Supp. 3d 622, 625 (E.D. Mich. 2021) ("Petitioner cannot seek the dismissal of his pending [state] criminal charges [in federal court] with a habeas petition.") (citing, *inter alia*, *Atkins*, 644 F.2d at 547); *Hairston v. Franklin Cty. Court of Common Pleas*, No. 2:17-cv-353, 2017 WL 2628236, at *2 (S.D. Ohio June 16, 2017) ("a federal court may issue an order requiring a state to promptly bring a petitioner to trial after a petitioner has exhausted all state remedies available to him on that issue. On the other hand, on the basis of comity considerations, federal courts abstain from exercising habeas jurisdiction where a petitioner seeks to have charges dismissed on speedy trial grounds."), *report and recommendation adopted*, 2017 WL 2972151 (S.D. Ohio July 12, 2017).

In this case, petitioner does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather he asserts the speedy trial claim (Ground Two)[3] in an effort to have the pending criminal charges dismissed, to have his arrest records sealed, and to recover money damages. (Doc. 1, at PageID 7).[4] Petitioner's requests to have the charges dismissed and

---

[3] Petitioner's remaining due process claim (Ground One) and ineffective-assistance-of-trial-counsel claim (Ground Three) do not fall within the exceptions to abstention recognized by the Sixth Circuit and are not cognizable under § 2241. *See Folley*, 2020 WL 9813535, at *2.
[4] A review of the Franklin County Clerk of Court website indicates that a trial date is currently set in the underlying criminal matter for September 30, 2024. *See* State Trial Court July 22, 2024 Entry, viewed at:

4

his arrest records sealed "may be characterized as an 'effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes,' or 'an attempt to litigate constitutional defenses prematurely in federal court.'" *Humphrey*, 840 F. Supp. 2d at 1043 (quoting *Braden,* 410 U.S. at 491, 493). "Such relief cannot be attained by way of a pretrial § 2241 petition." *Folley*, 2020 WL 9813535, at *2. "Moreover, Petitioner may not obtain damages in this action . . . because damages are not available under § 2241." *Carranza v. Michigan*, No. 1:14-CV-904, 2014 WL 4542471, at *2 (W.D. Mich. Sept. 11, 2014) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.")). Because the relief petitioner seeks is not available under § 2241, dismissal of his petition is appropriate. *See Folley*, 2020 WL 9813535, at *2.

Moreover, petitioner has not exhausted his state-court remedies. In Ohio, defendants have "a remedy by way of a motion to dismiss the indictment in [their] criminal case if [they] believe[ they are] being held in violation of the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment." *Crawmer v. United States*, No. 3:22-CV-050, 2022 WL 523414, at *2 (S.D. Ohio Feb. 22, 2022), *report and recommendation adopted*, No. 3:22-CV-50, 2022 WL 976913 (S.D. Ohio Mar. 31, 2022); *see also State v. Hiatt*, 697 N.E.2d 1025, 1035 (Ohio App. 4 Dist. 1997) ("An accused presents a prima facie case for discharge based upon a violation of speedy trial limitations by charging in a motion to dismiss that he or she was held solely on the pending charge and for a time exceeding the R.C. 2945.71 time limits.") (citing *State v. Butcher*, 500 N.E.2d 1368 (Ohio 1986); *State v. Reuschling*, 506 N.E.2d 558 (Ohio 1986)). Furthermore, "[i]n Ohio, speedy trial issues must be reviewed on direct appeal." *Lisboa, Jr. v. Ct. of Common*

---

https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?pqWETweuJxdT4Mz2dVnz, under petitioner's name and Case No. 23 CR 000271.

*Pleas Cuyahoga Cty., Ohio*, No. 1:10CV0617, 2010 WL 1964231, at *1 (N.D. Ohio May 17, 2010) (citing *Coleman v. Wolfe,* 2007 WL 214400 * 1 (Ohio App. 7 Dist., Jan 26, 2007) (in turn citing *Travis v. Bagley,* 92 Ohio St.3d 322, 323, 750 N.E.2d 166 (2001); *Atkins.* 644 F.2d at 548)).

From petitioner's response to the Court's Show Cause Order (*see* Doc. 8-4) and a review of the Franklin County Clerk of Court website in Case No. 2023-CR-00271,[5] it appears that petitioner has filed pro se motions invoking the right to a speedy trial on April 12, 2024, and August 26, 2024. Both motions remain pending at this time. Petitioner therefore has not exhausted his state-court remedies. *See Lisboa*, 2010 WL 1964231, at *1; *cf. Burley v. State of Tennessee*, No. 3:22-CV-00679, 2022 WL 16825175, at *5 (M.D. Tenn. Nov. 8, 2022) ("But Tennessee's default rule against hybrid representation does not provide a free pass to forego Section 2241's well-established exhaustion requirement.") (citing *Wallace v. Sexton*, 570 F. App'x 443, 451 (6th Cir. 2014)).[6]

Accordingly, the undersigned concludes that petitioner is plainly not entitled to relief on his petition because his requested relief is not properly brought in a pretrial § 2241 petition and

---

[5]*See supra* note 4 for the Franklin County Clerk of Court website.
[6]Petitioner also attaches correspondence relating to a grievance he filed against his former appointed counsel with a local bar association and a motion to disqualify the trial judge that he filed with the Ohio Supreme Court. (*See* Docs. 8-2; 8-4, at PageID 82; 9). Because petitioner has "a remedy by way of a motion to dismiss the indictment in his criminal case," *Crawmer*, 2022 WL 523414, at *2, neither bar association complaints nor a motion to disqualify would exhaust his available state remedies on his speedy-trial claim. *See, e.g., Hairston*, 2017 WL 2972151, at *1 ("Petitioner's complaints to the public defender, his federal habeas actions, and his complaints to the local bar association do not exhaust remedies available to him through the state courts. Petitioner must use the state court's formal mechanisms to exhaust his state-court remedies."); *cf. Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) ("This circuit has held that the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court.").

he has not exhausted his state remedies. This action should therefore be **DISMISSED without prejudice**.

## IT IS THEREFORE ORDERED THAT:

Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's pro se petition for a writ of habeas corpus (Doc. 1) be **DISMISSED without prejudice.**

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).[7]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore deny petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[7] *See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) ("Congress knew how to exempt § 2241 petitions from the certificate of appealability requirement when it wished, indicating that Congress chose to require certificates of appealability for state but not federal prisoners who invoke § 2241.").

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

August 29, 2024

*s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
United States Magistrate Judge