IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rodney A. Perry,

    Petitioner,

v.

Karen Phipps, et al.,

    Respondents.

Case No. 2:24-cv-2835
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

Opinion and Order

    This matter is before the Court on the Magistrate Judge's Report and Recommendation, which recommended that Petitioner's habeas corpus petition brought under 28 U.S.C. § 2241 be dismissed without prejudice. Petitioner, a pretrial detainee in state custody, has filed objections to the Report and Recommendation. Upon *de novo* review, the Court overrules the objections.

    A federal court should abstain from interfering with a pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). One circumstance in which a federal court may exercise authority is where a pretrial detainee, who has exhausted state remedies before seeking federal habeas relief, files a petition under § 2241 "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *Braden*, 410 U.S. at 489-90. Two other exceptions are recognized where a petitioner seeks to avoid a second trial on double jeopardy grounds and where a petitioner faces prejudice from prior constitutional violations on retrial. *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020).

    The Magistrate Judge correctly noted that, of the three grounds for relief presented in the petition, two (labeled Grounds One and Three) do not fit within the exceptions to abstention and thus are not cognizable under § 2241. Ground Two is directed at an alleged violation of petitioner's right to a speedy trial under the Sixth Amendment to the U.S. Constitution. Nonetheless, as the Magistrate Judge explained, the remedy which a federal court can grant is to order the state court to promptly provide a trial. *Williams v. Sheriff, Greene Cty. Adult Det. Ctr.*, No. 2:22-CV-4205, 2022 WL

17669945, at *3 (S.D. Ohio Dec. 14, 2022).  Petitioner here seeks the dismissal of the criminal charges and immediate release from custody – a remedy which the Court cannot grant under § 2241.  *Id.* (citing cases).  Moreover, as the Magistrate Judge further explained, petitioner has not exhausted his state court remedies by filing in state court a motion to dismiss the indictment because of a speedy trial violation.  *Crawmer v. United States*, No. 3:22-CV-050, 2022 WL 523414, at *2 (S.D. Ohio Feb. 22, 2022).

In his objections, petitioner states that he "would like to object [to] trying to exhaust all available state court remedies before seeking federal habeas relief."  Doc. 11, p. 3.  But the exhaustion requirement must be satisfied; this Court cannot lift it.  *Braden*, 410 U.S. at 490.  Petitioner also "object[s] to all prior continuances that were granted" in his state court case.  Doc. 11, p. 3.  However, the objection procedure available in this Court is limited to objections to the Magistrate Judge's Report and Recommendation, not to rulings in state court.  Finally, petitioner appears to purport to move to dismiss the state court indictment.  *Id.*, p. 1 ("requesting a crim.R.48(B)" dismissal); *see also* Doc. 13 (same).  But such a motion must be filed in state court, not in federal court, to satisfy the exhaustion requirement.

Accordingly, the Court ADOPTS the Report and Recommendation (Doc. 10), OVERRULES petitioner's objections (Doc. 11), and DISMISSES the petition without prejudice.  Petitioner's motion requesting dismissal (Doc. 13) is DENIED.

A certificate of appealability should not issue because, for the reasons stated in the Report and Recommendation, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Finally, the Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this order would not be taken in good faith for the reasons stated in the Report and Recommendation.  Therefore, the Court declines denies petitioner leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

DATE: November 26, 2024    *s/ James L. Graham*
  JAMES L. GRAHAM
  United States District Judge